IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00521-ZLW

BOBBY D. HICKS,

Applicant,

v.

WARDEN REID, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 8 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant Bobby D. Hicks filed *pro se* on May 27, 2005, a letter to the Court. In the letter, Mr. Hicks asks the Court to reconsider and vacate the Order and Judgment of Dismissal filed in this action on May 10, 2006. The Court must construe the letter liberally because Mr. Hicks is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the letter will be construed liberally as a motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). See *id.* at 1243.

The letter that Mr. Hicks filed in this action more than ten days after the Court's May 10, 2005, Order and Judgment of Dismissal will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state remedies. In the liberally construed motion to reconsider, Mr. Hicks alleges that he was convicted of first-degree felony murder, not first-degree felony burglary, and attempts to argue the merits of his claims. He does not address his failure to exhaust state remedies before seeking federal intervention.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Hicks fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. As a result, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that the letter, which Applicant Bobby D. Hicks filed *pro se* on May 27, 2005, and which the Court has construed liberally as a motion to reconsider

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 27 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00521-BNB

Bobby Hicks
Prisoner No. 91872
CSP - F-8-26
PO Box 777
Canon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/28/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk